IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**EMILY F.**,[1]

        Plaintiff,

  v.

**ANDREW M. SAUL**,
Commissioner of Social Security,

        Defendant.

No. 6:18-cv-00620-YY

OPINION & ORDER

**MOSMAN, J.**,

    On August 14, 2019, Magistrate Judge Youlee Yim You issued her Findings and Recommendation ("F&R") [16], recommending that the Commissioner's decision be REVERSED and REMANDED for the immediate calculation and payment of benefits. The Commissioner filed objections to the F&R [18] to which Plaintiff responded [19]. Although my reasoning differs slightly from Judge You's, I reach the same conclusion.

## LEGAL STANDARD

    The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

The facts as set out in the F&R guide this discussion. As an initial matter, I disagree with Judge You with respect to the mandatory nature of SSR 85-15. Judge You concludes that if Dr. Roman's opinion were credited as true, the ALJ would be "required" to find Plaintiff disabled because "the 'marked' limitation in plaintiff's ability to interact appropriately with supervisors and co-workers qualifies as a 'substantial loss of ability' in that area and is disabling pursuant to SSR 85-15." F&R [16] at 16. The disputed phrase of SSR 85-15 describes that a relevant substantial loss of ability "*would justify* a finding of disability." SSR 85-15 (emphasis added), *available at* 1985 WL 56857. While the analysis of a phrase like this is inherently subjective to some extent, I disagree that the language "would justify" equates to a mandate and establishes a per se rule for two reasons.

First, the plain meaning of that phrase is not a synonym of "would require." In my view, the meaning is closer to "would support." At most, the phrase could be interpreted to establish a presumption of disability where a relevant substantial loss of ability is identified. But that presumption can be overcome.

Second, the context in which the phrase is used does not undermine such a reading. For instance, the "would justify" sentence concludes with the statement: " . . . because even favorable age, education, or work experience *will not offset* such a severely limited occupational base" (emphasis added). But that does not mean there is no circumstance where a finding of disability would be inappropriate despite a relevant substantial loss of ability. To cite one example, an evaluation of a claimant could reveal a substantial loss of ability that was only temporary. A finding of disability might not be appropriate in such a case. Therefore, it would be incorrect to interpret SSR 85-15 as requiring a finding of disability.

While my own reading of SSR 85-15 differs from Judge You's interpretation, the analysis in the rest of the F&R reaches the correct result. First, Judge You correctly concluded that the ALJ—irrespective of SSR 85-15—erred in interpreting Dr. Roman's evaluation of Plaintiff. Dr. Roman did not "acknowledge" that Plaintiff "would be able to resume" at least part-time work. Tr. [7] Ex. 3 at 22. At most, Dr. Roman acknowledged the possibility that Plaintiff *might* be able to resume part-time work with treatment. No amount of context or inference can give Dr. Roman's words a meaning they will not bear. Second, I agree with Judge You that the ALJ erred in discounting Plaintiff's subjective symptom testimony due to her activities of daily living and a lack of objective medical evidence. F&R [16] at 5-8. As to the latter, as Plaintiff points out the Ninth Circuit has held that "it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Thus the ALJ cannot rely on a "few isolated instances of improvement" to discount Plaintiff's testimony. *Id.*

Finally, I agree with Judge You that remanding this case for further proceedings would be inappropriate because the "credit-as-true" doctrine applies here. The ALJ's finding were

premised on the erroneous interpretation of Dr. Roman's evaluation and the improper discounting of Plaintiff's subjective symptom testimony. If the ALJ were required to accept Dr. Roman's evaluation and Plaintiff's testimony, it is clear that a finding of disability would be required.

## CONCLUSION

As described above, while I disagree with Judge You's interpretation of SSR 85-15, I agree with the rest of her analysis and thus I ADOPT the F&R [16] as supplemented by my opinion here. The Commissioner's decision is REVERSED and REMANDED for the immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this   30    day of September, 2019.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Chief United States District Judge